# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| EDUARDO GARCIA<br>Individually and on behalf of all others<br>similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>**CINTAS CORPORATION NO. 2**<br><br>*Defendant.* | Civil Action No. 5:17-cv-00896<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Eduardo Garcia ("Plaintiff" or "Plaintiff Garcia") brings this action individually and on behalf of all current and former Territory Managers (hereinafter "Plaintiff and the Putative Class Members") employed by Cintas Corporation No. 2 (hereinafter "Cintas") and were paid a salary but no overtime from three years preceding the filing of the Original Complaint and through the final disposition of this matter, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

## I.
## OVERVIEW

1.1  This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2  Plaintiff and the Putative Class Members are those current and former non-exempt employees who worked for Cintas as Territory Managers and were paid a salary but no overtime compensation for all hours worked over forty (40) in each workweek.

1.3 The FLSA requires that all non-exempt employees receive compensation for time spent working on their employer's behalf and time and one half for all hours worked over forty in a regular workweek.

1.4 Plaintiff and the Putative Class Members routinely worked (and work) in excess of 40 hours per workweek.

1.5 Plaintiff and the Putative Class Members were not paid overtime at least one and one half their regular rates for all hours worked in excess of forty (40) hours per workweek.

1.6 Cintas knowingly and deliberately failed to fully compensate Plaintiff and the Putative Class Members for all hours worked in excess of 40 hours.

1.5 Plaintiff and the Putative Class Members did not (and do not) perform work that meets the definition of exempt work under the FLSA.[1]

1.6 Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.7 Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## PARTIES

2.1 Plaintiff Eduardo Garcia ("Garcia") worked for Cintas within the meaning of the FLSA, within this judicial district, and within the relevant three-year period. Plaintiff Garcia did not

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

properly receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

2.2     The Putative Class Members are those current and former Territory Managers who were employed by Cintas at any time in the past three years through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Garcia worked and was paid.

2.3     Cintas Corporation No. 2 ("Cintas") is a foreign for-profit corporation, doing business in the State of Texas, and may be served through its registered agent for service of process: **Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.**

### III.
### JURISDICTION & VENUE

3.1     This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.2     This Court has personal jurisdiction over Cintas because the causes of action arose within this district as a result of Cintas' conduct within this District and Division.

3.3     Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3.4     Specifically, Cintas has maintained a working presence throughout the State of Texas (and the United States), and Plaintiff Garcia worked in San Antonio, Bexar County, Texas throughout his employment with Cintas, all of which are located within this District and Division.

3.5     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

---

[2] The written consent of Eduardo Garcia is attached hereto as Exhibit "A."

# IV.
# FLSA COVERAGE

4.1 At all times hereinafter mentioned, Cintas has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(r).

4.2 At all times hereinafter mentioned, Cintas has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.3 During the respective periods of Plaintiff and the Putative Class Members' employment by Cintas, these individuals provided services for Cintas that involved interstate commerce for purposes of the FLSA. Specifically, Plaintiff and the Putative Class Members routinely used equipment and handled goods or materials – such as automobiles and cell phones – that moved in, or were produced for, interstate commerce.

4.4 In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.5 Specifically, Plaintiff and the Putative Class Members are (or were) **_non-exempt_** employees who worked for Cintas as Territory Managers . 29 U.S.C. § 203(j).

4.6 At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

4.7     The proposed collective of similarly situated employees, i.e. potential collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all Territory Managers employed by Cintas Corporation No. 2, at any time in the last three years through the final disposition of this matter, and were paid a salary, but did not receive overtime for all hours worked over forty (40) in each workweek" (the "FLSA Collective" or "FLSA Collective Members").

4.8     The precise size and identity of the proposed FLSA Collective should be ascertainable from the business records, tax records, and/or employee or personnel records of Cintas.

# V.
# FACTS

5.1     Cintas contends that it "leads the industry in supplying corporate identity uniform programs, providing entrance and logo mats, restroom supplies, promotional products, first aid, safety, fire protection products and services, and industrial carpet and tile cleaning."[3]

5.2     Cintas operates more than 400 facilities in North America and employs over 30,000 individuals in the United States.[4]

5.3     Plaintiff Garcia worked for Cintas from April 2016 through January 2017 as a Territory Manager. During this time, Plaintiff Garcia was paid a salary but did not receive time and a half for all hours worked in excess of forty (40) in a workweek.

5.4     As Territory Managers, Plaintiff and the Putative Class Members were responsible for selling Cintas products and services.

5.5     Specifically, Plaintiff and the Putative Class Members' primary job duties included cold calling, prospecting for new customers, processing new customers, talking to new and existing customers, and helping load and unload delivery trucks.

---

[3] http://www.cintas.com/company/

[4] http://www.cintas.com/careers/

5.6     Plaintiff and the Putative Class Members would conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans coordinated by Cintas and/or its clients.

5.7     Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Cintas and/or its clients.

5.8     Moreover, Plaintiff and the Putative Class Members' job functions were primarily technical and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

5.9     Plaintiff and the Putative Class Members' duties did not include managerial responsibilities or the exercise of independent discretion or judgment.

5.10    Plaintiff and the Putative Class Members did not have the authority to hire or fire other employees, and they were not responsible for making hiring or firing recommendations.

5.11    Plaintiff and the Putative Class Members did not supervise two or more employees.

5.12    Plaintiff and the Putative Class Members were not regularly engaged away from Cintas' place of business and instead worked from their respective Cintas office(s).

5.13    Plaintiff and the Putative Class Members worked long hours. Specifically, Cintas regularly required Plaintiffs and the Putative Class Members to work for a minimum of fifty (50) to sixty (60) hours per week.

5.14    The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

5.15    Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but did not receive overtime pay.

5.16    Accordingly, Cintas pay policies and practices blatantly violated the FLSA.

# VI.
# CAUSES OF ACTION

## A. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

6.1 Cintas violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2 Moreover, Cintas knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff Garcia and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

6.3 Cintas knew or should have known its pay practices were in violation of the FLSA.

6.4 Cintas is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

6.5 Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted Cintas to pay according to the law.

6.6 The decision and practice by Cintas to not pay overtime was neither reasonable nor in good faith.

6.7 Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## B. COLLECTIVE ACTION ALLEGATIONS

6.8 Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff.

6.9     Other similarly situated employees have been victimized by Cintas' patterns, practices, and policies, which are in willful violation of the FLSA.

6.10    The Putative Class Members are "all Territory Managers employed by Cintas Corporation No. 2, at any time in the last three years and through the final disposition of this matter, and were paid a salary, but did not receive overtime for all hours worked over forty (40) in each workweek"

6.11    Cintas' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Putative Class Members.

6.12    Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

6.13    The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

6.14    All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.15    Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the Putative Class Members are non-exempt workers entitled to overtime after 40 hours in a week.

6.16    Cintas employed a substantial number of workers during the past three years. These workers are geographically dispersed, residing and working in cities across the state.

6.17    Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and Cintas will retain the proceeds of their rampant violations.

6.18    Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

6.19    Accordingly, the class of similarly situated plaintiffs should be defined as:

**ALL TERRITORY MANAGERS EMPLOYED BY CINTAS CORPORATION NO. 2, AT ANY TIME IN THE LAST THREE YEARS THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE PAID A SALARY, BUT DID NOT RECEIVE OVERTIME FOR ALL HOURS WORKED OVER FORTY (40) IN EACH WORKWEEK**

## VII.
## RELIEF SOUGHT

7.1    Plaintiff Garcia respectfully prays for judgment against Cintas as follows:

a.    For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Cintas to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.    For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c.    For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

d.    For an Order pursuant to Section 16(b) of the FLSA finding Cintas liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

e.    For an Order awarding Plaintiff (and those who have joined in the suit) the costs and expenses of this action;

f. For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

g. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

h. For an Order awarding Plaintiff Garcia a service award as permitted by law;

i. For an Order compelling the accounting of the books and records of Cintas; and

j. For an Order granting such other and further relief as may be necessary and appropriate.

Date: September 13, 2017

Respectfully submitted,

**ANDERSON2X, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys in Charge for Plaintiff and Putative Class Members***